DOCKET NO. 865

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -7 1990

IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION
(NO. II)

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT H. SCHNACKE,* FRED DAUGHERTY, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK AND HALBERT O. WOODWARD, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation presently consists of the 39 actions listed on the attached Schedule A[1]/ and pending in ten districts as follows:

| | |
|---|---|
| District of South Carolina | 23 actions |
| District of Connecticut | 6 actions |
| Southern District of Iowa | 2 actions |
| Southern District of Ohio | 2 actions |
| Northern District of Georgia | 1 action |
| District of Maryland | 1 action |
| District of New Mexico | 1 action |
| Eastern District of New York | 1 action |
| Western District of Oklahoma | 1 action |
| Eastern District of Pennsylvania | 1 action |

Before the Panel is a motion brought pursuant to 28 U.S.C. §1407 by plaintiffs in one South Carolina action, seeking transfer of the 39 actions to the District of South Carolina for coordinated or consolidated pretrial proceedings.[2]/ A total of eleven responses have been submitted on behalf of parties or interested parties supporting transfer to a single district. In addition to the District of South Carolina, proponents of transfer have suggested a number of possible transferee forums, including the Southern District of New York, the Eastern District of New York, the Southern District of Ohio, the District of Colorado and the Northern District of California. A total of nineteen responses have been submitted on behalf of parties or interested parties opposing transfer to a single district. Among the parties opposing transfer are principal defendants Showa Denko K.K. (Showa Denko) and Showa Denko America, Inc. (Showa Denko America).

---

\* Judges Schnacke and Pollack took no part in the decision of this matter.

[1]/ In addition to the 39 actions listed on Schedule A, the Panel has been advised of the pendency in various federal district courts of approximately 150 other related actions. These actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988). The Panel has also been advised that approximately 220 related actions are pending in state courts in a number of states.

[2]/ The motion included one additional action — Mildred M. Haas v. Atmark, Inc., et al., D. Minnesota, C.A. No. 4-90-CV-118 — that was dismissed without prejudice on October 17, 1990, pursuant to a stipulation of the parties. Accordingly, the question of including this action in Section 1407 proceedings is now moot.

On the basis of the papers filed and the hearing held,[3] the Panel finds that these actions involve common questions of fact and that transfer under Section 1407 to the District of South Carolina will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because the actions in this litigation focus on alleged defects in L-tryptophan (an amino acid sold over the counter in this country as a nutritional supplement or health aid) manufactured in Japan by Showa Denko and imported into the United States by Showa Denko America. Transfer under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Various opponents to transfer have argued that these actions will focus on unique matters, that voluntary cooperation is a suitable alternative to transfer, or that transfer will be economically burdensome. We find these arguments unpersuasive. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some actions or claims -- for example, actions or claims against defendants other than Showa Denko and Showa Denko America — can be remanded in advance of other actions or claims in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 14, R.P.J.P.M.L., 120 F.R.D. 251, 259-61 (1988). Finally, we note that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. See, e.g., Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. See Manual for Complex Litigation, Second, §20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. See In re Nissan Motor Corporation Antitrust Litigation, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

---

[3] At the hearing in this matter, some parties stated that they had changed their positions as previously represented in their pleadings submitted to the Panel. Most notably, counsel for movants argued at the hearing in opposition to Section 1407 transfer and advocated transfer to the District of South Carolina only as an alternative position. Movants' counsel, however, expressly declined to withdraw the Section 1407 motion.

Many opponents have further argued that Section 1407 transfer is not warranted because the approximately 220 actions pending in numerous state courts would remain outside the scope of centralized federal court proceedings. We fail to perceive how the threat of duplicative pretrial proceedings in multiple state courts should dissuade us from endeavoring to prevent duplicative pretrial proceedings in multiple federal courts.

None of the forums suggested by the parties as potential transferee districts could be characterized as the center of gravity for this nationwide litigation. On balance, however, we are persuaded that the District of South Carolina is the appropriate transferee forum. We note that 1) the District of South Carolina, with 27 actions already pending there, has one of the highest concentrations of federal court actions in this docket; 2) the South Carolina forum is the preferred transferee district of a number of parties, including Showa Denko and Showa Denko America; and 3) the Honorable Matthew J. Perry, Jr., to whom we are assigning this litigation, has been managing the constituent actions in his district for nearly a year and therefore has developed a familiarity with the issues and parties in the docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of South Carolina be, and the same hereby are, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

MDL-865 — In re Showa Denko K.K. L-Tryptophan Products Liability
     Litigation (No. II)

### District of Connecticut

Dario Berizzi v. Showa Denko K.K., et al., C.A. No.
    B-90-093(TFGD)
Deborah Scezla v. Showa Denko K.K., et al., C.A. No.
    B-90-199(TFGD)
Harriet Bessey v. Showa Denko K.K., et al., C.A. No.
    B-90-196(TFGD)
Jeanette Robledo, et al. v. Showa Denko K.K., et al., C.A.
    No. B-90-198(TFGD)
Deborah Stack v. Showa Denko K.K., et al., C.A. No.
    B-90-197(TFGD)
Millicent Davison v. Showa Denko K.K., et al., C.A. No.
    B-90-200(TFGD)

### Northern District of Georgia

Ora Elizabeth Wynn v. Showa Denko America, Inc., C.A. No.
    4:90-CV-132-HLM

### Southern District of Iowa

Doris Wolf v. General Nutrition Products, Inc., et al., C.A.
    No. 90-0274-A
Cheryl Diane James v. General Nutrition Products, Inc., et
    al., C.A. No. 90-0275-A

### District of Maryland

Lola J. Rapoport, et al. v. P. Leiner Nutritional Products
    Corp., et al., C.A. No. JH-90-397

### District of New Mexico

Judy Paulsen, et al. v. Showa Denko K.K., et al., C.A. No.
    CIV90-0166SC

### Eastern District of New York

Martin Bromberg, et al. v. The Solgar Co., Inc., et al., C.A.
    No. CV90-304

### Southern District of Ohio

Cheryl A. Everett, et al. v. Nature's Bounty, Inc., et al.,
    C.A. No. C2-90-036
Myrna Goldfarb, et al. v. Showa Denko America, et al., C.A.
    No. C1-90-469

### Western District of Oklahoma

Nancy Murrow, et al. v. Nature's Bounty, Inc., et al., C.A.
No. CIV90-529T

### Eastern District of Pennsylvania

Shirley Trachtman, et al. v. Nature's Bounty, Inc., etc.,
C.A. No. 90-2171

### District of South Carolina

Willard D. Mann, et al. v. Star Professional Pharmaceuticals,
Inc. d/b/a Star Pharmaceutical, et al., C.A. No. 7:90-872-0

Kathy Irene Beheler v. Star Professional Pharmaceuticals,
Inc. d/b/a Star Pharmaceutical, et al., C.A. No.
7:90-0463-0

Elsie M. Floyd, et al. v. Star Professional Pharmaceuticals,
Inc. d/b/a Star Pharmaceutical, et al., C.A. No.
7:90-0121-0

Linda Williams Hicks, et al. v. Star Professional
Pharmaceuticals, Inc. d/b/a Star Pharmaceutical, et al.,
C.A. No. 7:90-0645-0

Joan Greenway, et al. v. Star Professional Pharmaceuticals,
Inc. d/b/a Star Pharmaceutical, et al., C.A. No.
7:90-0462-0

Tammy Solmon Mullinax, et al. v. Star Professional
Pharmaceuticals, Inc. d/b/a Star Pharmaceutical, et al.,
C.A. No. 7:90-0009-0

Joseph B. Plumley v. Star Professional Pharmaceuticals, Inc.
d/b/a Star Pharmaceutical, et al., C.A. No. 7:90-0587-0

Catha W. Reid v. Star Professional Pharmaceuticals, Inc.
d/b/a Star Pharmaceutical, et al., C.A. No. 7:90-0548-0

Gladys W. Solmon, et al. v. Star Professional
Pharmaceuticals, Inc. d/b/a Star Pharmaceutical, et al.,
C.A. No. 7:90-0120-0

Susan P. Teague, et al. v. Star Professional Pharmaceuticals,
Inc. d/b/a Star Pharmaceutical, et al., C.A. No.
7:90-0122-0

Diann F. Ball, et al. v. Star Professional Pharmaceuticals,
Inc., et al., C.A. No. 7:90-1702-0

Anthony Bryson v. General Nutrition Corporation, et al., C.A.
No. 7:90-1711-0

Sylvia J. Campbell, et al. v. Star Professional
Pharmaceuticals, Inc., et al., C.A. No. 7:90-1703-0

Joyce V. Dobson, et al. v. General Nutrition Corporation, et
al., C.A. No. 7:90-1710-0

Charlotte Greene, et al. v. Star Professional
Pharmaceuticals, Inc., et al., C.A. No. 7:90-1704-0

David O. Isham, et al. v. Star Professional Pharmaceuticals,
Inc., et al., C.A. No. 7:90-1705-0

Edward E. Plumly, et al. v. Star Pharmaceuticals, Inc., et
al., C.A. No. 7:90-1706-0

Roy A. Poole, et al. v. Star Professional Pharmaceuticals,
Inc., et al., C.A. No. 7:90-1707-0

MDL-865 Schedule A — p.3

<u>District of South Carolina</u> — (continued)

<u>Donald M. Rogers, et al. v. Star Professional Pharmaceuticals, Inc., et al.</u>, C.A. No. 7:90-1712-0

<u>William Rogers v. Star Professional Pharmaceuticals, Inc., et al.</u>, C.A. No. 7:90-1708-0

<u>Thomas A. Sawyer, et al. v. Star Professional Pharmaceuticals, Inc., et al.</u>, C.A. No. 7:90-1709-0

<u>Doris S. Ridley, et al. v. Star Professional Pharmaceuticals, Inc., et al.</u>, C.A. No. 7:90-1939-0

<u>Michele Noullet, et al. v. General Nutrition Corporation, et al.</u>, C.A. No. 7:90-2199-0

## DOCKET NO. 865

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the thirteen actions listed on the attached Schedule A to vacate the Panel's orders conditionally transferring those actions to the District of South Carolina for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. A total of eighteen defendants have submitted oppositions to one or more of the motions to vacate. With respect to each of the thirteen actions before the Panel, at least one defendant has responded in opposition to the motion to vacate and in support of transfer of that action to the District of South Carolina.

On the basis of the papers filed and the hearing held, the Panel finds that these thirteen actions involve common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of these thirteen actions to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II), MDL-865 (J.P.M.L., December 7, 1990) (unpublished order).

We are not persuaded that pretrial proceedings are so advanced in any action presently before us as to warrant its exclusion from centralized pretrial proceedings. In addition, we reject any suggestion by plaintiff in the New York action that the presence of at least one of the Showa Denko defendants -- Showa Denko K.K. or Showa Denko America, Inc. -- as a party is a prerequisite to transfer of any action in this litigation. In any event, the defendant in that action, Solgar Co., Inc., is already a defendant in actions in the transferee district.

---

*    Judge Pollack took no part in the decision of this matter.

2

Some plaintiffs have expressed concern that they may not survive until the conclusion of multidistrict proceedings, due to failing health. We note, however, that counsel for the Showa Denko defendants represented at the hearing on this matter that the transferee judge has made provisions for expedited depositions and other discovery from critically ill parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the thirteen actions listed on the attached Schedule A be, and the same hereby are, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

### SCHEDULE A

MDL-865 -- In re Showa Denko K.K. L-Tryptophan Products Liability
Litigation (No. II)

#### Western District of Oklahoma

Rhonda Fortune v. General Nutrition Corp., et al., C.A. No.
Civ-89-2152W
Adelene German v. Wal-Mart, Inc., et al.; Revco Discount
Drug Center v. Showa Denko K.K., et. al., C.A. No. Civ-90-966-P
Colita Hartman v. Revco Discount Drug Center, Inc., et al.; Revco
Discount Drug Center, Inc. v. Triarco, Inc., C.A. No. Civ-90-965-R
Betty Marlene Perry v. Skaggs Alpha Beta, Inc., et al., C.A. No.
Civ-90-667-W
Ellen Dickson v. Goldline Laboratories, et al., C.A. No.
Civ.-90-492-D

#### District of Minnesota

Debra Flick, et al. v. Showa Denko K.K., et al., C.A. No. 3-90-462
Ellen Briskman, et al. v. General Nutrition Corp., et al.,
C.A. No. 90 CV 118

#### Eastern District of New York

Audrey Blumberg, et al. v. Solgar, Inc., C.A. No. CV-90-1479

#### Eastern District of Kentucky

Paul J. Meece, et al. v. Showa Denko, K.K., et al., C.A. No. 90-225

#### Eastern District of California

Joyce Shankle v. General Nutrition Corp., et al., C.A. No. 90-CV-487

#### District of Utah

Angela Demoss v. City Market, Inc., et al., C.A. No. 90 Civ 461

#### Eastern District of Michigan

John L. Wright, et al. v. Showa Denko, K.K., et al., C.A. No.
90-73168

#### Eastern District of Washington

Dauna L. Bauer v. Showa Denko K.K., et al.; and Twin Laboratories,
Inc. v. Showa Denko K.K., et al., C.A. No. CS-90-340-RJM

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -6 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 865*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)*

Carolyn Barnard v. Solgar Co., Inc., D. Massachusetts, C.A. No. 90-30159-F
Jerrilyn Rollins v. Walgreen Co., et al., M.D. Florida, C.A. No. 91-CV-6

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR. AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the two above-captioned actions (Barnard and Rollins) to vacate the Panel's orders conditionally transferring those actions to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. One defendant in Barnard opposes the motion to vacate in that action and favors transfer to the District of South Carolina. Two defendants in Rollins oppose the motion to vacate in that action and favor transfer to the District of South Carolina.

On the basis of the papers filed,[1] the Panel finds that Barnard and Rollins involve common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of these two actions to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II), MDL-865 (J.P.M.L., December 7, 1990 and April 4, 1991) (unpublished orders).

---

[1] The parties waived oral argument and accordingly the question of transfer of these two actions under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled <u>Carolyn Barnard v. Solgar Co., Inc.</u>, D. Massachusetts, C.A. No. 90-30159-F, and <u>Jerrilyn Rollins v. Walgreen Co., et al.</u>, M.D. Florida, C.A. No. 91-CV-6, be, and the same hereby are, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman



*DOCKET NO. 865*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Phyllis Miller v. Walgreen Laboratories, Inc., et al.*, S.D. Florida, C.A. No. 91-0811-Civ-MORENO

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,* AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (*Miller*) to vacate the Panel's order conditionally transferring *Miller* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Three defendants in *Miller* oppose the motion to vacate in that action and favor transfer to the District of South Carolina.

On the basis of the papers filed and the hearing held, the Panel finds that *Miller* involves common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of *Miller* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff premises her opposition to transfer of *Miller* entirely on the pendency of her motion to remand *Miller* to Florida state court. She urges the Panel to defer a ruling on transfer of *Miller* pending resolution of the remand motion. We note, however, that the pending motion to remand *Miller* to Florida state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

* Judge Merhige took no part in the consideration of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Phyllis Miller v. Walgreen Laboratories, Inc., et al.*, S.D. Florida, C.A. No. 91-0811-Civ-MORENO, be, and the same hereby is, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

### FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 27 91

*DOCKET NO. 865*

CLERK OF THE PANEL

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

> *Helen Joyce MacFie, et al. v. Showa Denko, K.K., et al.*, M.D. Florida, C.A. No. 91-CV-516
>
> *Dorothy P. McNelis, et al. v. Showa Denko, K.K., et al.*, M.D. Florida, C.A. No. 91-CV-515
>
> *Evelyn A. Leftwich, et al. v. Goldline Laboratories, Inc.*, W.D. Texas, C.A. No. 8-91-491

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the three above-captioned actions (the Florida actions and the Texas action) to vacate the Panel's orders conditionally transferring the three actions to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Two defendants in the Florida actions oppose the motions to vacate in those actions and favor transfer to the District of South Carolina. The sole defendant in the Texas action opposes the motion to vacate in that action and favors transfer to the District of South Carolina.

On the basis of the papers filed,[1] the Panel finds that the Florida actions and the Texas action involve common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of these three actions to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. *See In re Showa*

---

[1] The parties waived oral argument and accordingly the question of transfer of these three actions under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

*Denko K.K. L-Tryptophan Products Liability Litigation (No. II)*, MDL-865 (J.P.M.L., December 7, 1990, April 4, 1991, June 6, 1991 and October 4, 1991) (unpublished orders).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the three above-captioned actions be, and the same hereby are, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

*FOR THE PANEL:*

*John F. Nangle*
*Chairman*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB – 7 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 865

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Susan Sonnier v. General Nutrition Center, Inc., et al.*, S.D. Texas, C.A. No. H-91-2688

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD,[*] ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (*Sonnier*) to vacate the Panel's order conditionally transferring *Sonnier* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Two defendants in *Sonnier* oppose the motion to vacate in that action and favor transfer to the District of South Carolina.

On the basis of the papers filed,[1] the Panel finds that *Sonnier* involves common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of *Sonnier* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff premises her opposition to transfer of *Sonnier* entirely on the pendency of her motion to remand *Sonnier* to Texas state court. She urges the Panel to defer a ruling on transfer of *Sonnier* pending resolution of the remand motion. We note, however, that the pending motion to remand *Sonnier* to Texas state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

[*] Judge Woodward took no part in the consideration of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of this action under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Susan Sonnier v. General Nutrition Center, Inc., et al.*, S.D. Texas, C.A. No. H-91-2688, be, and the same hereby is, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

### FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -6 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 865

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Todd Belangie, et al. v. Showa Denko, K.K., et al.*, D. Arizona, C.A. No. 91-CV-1829

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN,[*] MILTON POLLACK, LOUIS H. POLLAK, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the above-captioned action (*Belangie*) to vacate the Panel's order conditionally transferring *Belangie* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Also before the Panel is a "Motion for Relief from Procedure Causing Unconsolidation of Action Below" brought by plaintiffs in *Belangie* and another Arizona action (*Aboud*) previously transferred by the Panel in this docket. Plaintiffs in *Belangie* and *Aboud*, who are represented by the same counsel, essentially object to the fact that the court in the District of Arizona unconsolidated *Aboud* and *Belangie* after the Panel's transfer of *Aboud*. Ten defendants in *Belangie*, including Showa Denko America, Inc., oppose plaintiffs' motions and favor transfer of *Belangie* to the District of South Carolina.

On the basis of the papers filed and the hearing held, the Panel finds that *Belangie* involves common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of *Belangie* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We note that our orders of transfer in *Aboud* and *Belangie* in no way constrain plaintiffs from seeking consolidation of these two actions in the transferee court.

---

[*] Judge Dillin took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Todd Belangie, et al. v. Showa Denko K.K., et al.*, D. Arizona, C.A. No. 91-CV-1829, be, and the same hereby is, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
DISTRICT LITIGATION
FILED

SEP 29 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

# DOCKET NO. 865

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Jo Ann Phillips v. Showa Denko, K.K., et al.*, M.D. Florida, C.A. No. 8:92-CV-440

# BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (*Phillips*) to vacate the Panel's order conditionally transferring *Phillips* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Two defendants in *Phillips* -- Showa Denko America, Inc. and General Nutrition Corporation -- oppose the motion to vacate in *Phillips* and favor transfer of the action to the District of South Carolina.

On the basis of the papers filed,[1] the Panel finds that *Phillips* involves common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of *Phillips* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Phillips* is appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. *See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II)*, MDL-865 (J.P.M.L., December 7, 1990, April 4, 1991, June 6, 1991, October 4, 1991, November 27, 1991, February 7, 1992 and August 6, 1992) (unpublished orders).

---

\* Judges Pollack and Pollak took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of *Phillips* under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Jo Ann Phillips v. Showa Denko K.K., et al.*, M.D. Florida, C.A. No. 8:92-CV-440, be, and the same hereby is, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

### FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 24 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 865

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Christa Bryan v. Showa Denko, K.K., et al.*, D. New Mexico, C.A. No. 6:91-1227
*Anna Green v. Showa Denko, K.K., et al.*, N.D. Texas, C.A. No. 1:91-128

## BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY,* AND BAREFOOT SANDERS,* JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the two above-captioned actions (*Bryan* and *Green*) to vacate the Panel's orders conditionally transferring *Bryan* and *Green* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr.   Showa Denko America, Inc. (Showa Denko America), a defendant in both actions, opposes the motions to vacate and favors transfer of *Bryan* and *Green* to the District of South Carolina.  Walgreen Co., a defendant in *Bryan*, joins in Showa Denko America's response with respect to that action.

On the basis of the papers filed and the hearing held, the Panel finds that *Bryan* and *Green* involve common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of *Bryan* and *Green* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.   The Panel further finds that transfer of *Bryan* and *Green* is appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket.  *See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II)*, MDL-865 (J.P.M.L.,

---

* Judge Grady recused himself and took no part in the decision of this matter.  Judge Sanders also took no part in the decision of this matter.

- 2 -

December 7, 1990, April 4, 1991, June 6, 1991, October 4, 1991, November 27, 1991, February 7, 1992, August 6, 1992 and September 29, 1992) (unpublished orders).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Christa Bryan v. Showa Denko K.K., et al.*, D. New Mexico, C.A. No. 6:91-1227, and *Anna Green v. Showa Denko K.K., et al.*, N.D. Texas, C.A. No. 1:91-128, be, and the same hereby are, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

*FOR THE PANEL:*

*John F. Nangle*
*Chairman*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB - 4 1993

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 865

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Earl Frieden, et al. v. Showa Denko K.K., et al.*, N.D. Florida, C.A. No. 4:92-40319
*Irving Fleet, et al. v. Showa Denko K.K., et al.*, N.D. Florida, C.A. No. 4:92-40333
*Brigid Michaels, et al. v. Showa Denko K.K., et al.*, M.D. Florida, C.A. No. 3:92-819
*Bianca Brown v. Showa Denko K.K., et al.*, S.D. Florida, C.A. No. 9:92-8502

# BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK,* ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY,* AND BAREFOOT SANDERS, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the four above-captioned actions, who are represented by the same counsel, to vacate the Panel's orders conditionally transferring those actions to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Defendants Showa Denko K.K., Showa Denko America, Inc., and General Nutrition Corporation oppose the motions to vacate and favor transfer of the four actions to the District of South Carolina. Walgreen Co., a defendant in two of the actions, joins in the other defendants' response with respect to those two actions.

On the basis of the papers filed and the hearing held, the Panel finds that these four actions involve common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of these four actions to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of MDL-865 potential tag-along actions such as these four actions continues to be appropriate for reasons expressed by the Panel in our

---

* Judge Grady recused himself and took no part in the decision of this matter. Judge Pollack also took no part in the decision of this matter.

- 2 -

previous rulings ordering transfer in this docket. *See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II)*, MDL-865 (J.P.M.L., December 7, 1990, April 4, 1991, June 6, 1991, October 4, 1991, November 27, 1991, February 7, 1992, August 6, 1992, September 29, 1992 and November 24, 1992) (unpublished orders).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the four above-captioned actions be, and the same hereby are, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 24 93

PATRICIA D. HOWARD
CLERK OF THE PANEL

### DOCKET NO. 865

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Jackie J. Kostelnik, et al. v. Showa Denko K.K., et al.*, D. Montana, C.A. No. 2:92-90
*James G. Norris, et al. v. Showa Denko K.K., et al.*, D. New Mexico,
   C.A. No. 6:92-1385

## BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY,[*] AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the two above-captioned actions (*Kostelnik* and *Norris*) to vacate the Panel's orders conditionally transferring *Kostelnik* and *Norris* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Three defendants in *Kostelnik*, including Showa Denko America, Inc. (Showa Denko America) and General Nutrition Corporation (GNC), oppose the motion to vacate in *Kostelnik* and favor transfer of that action to the District of South Carolina. Four defendants in *Norris*, including Showa Denko America and GNC, oppose the motion to vacate in *Norris* and favor transfer of that action to the District of South Carolina.

On the basis of the papers filed and the hearing held, the Panel finds that *Kostelnik* and *Norris* involve common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of *Kostelnik* and *Norris* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of MDL-865 potential tag-along actions such as *Kostelnik* and *Norris* continues to be appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. *See In re Showa Denko K.K. L-*

[*] Judge Grady recused himself and took no part in the decision of this matter.

- 2 -

*Tryptophan Products Liability Litigation (No. II)*, MDL-865 (J.P.M.L., December 7, 1990, April 4, 1991, June 6, 1991, October 4, 1991, November 27, 1991, February 7, 1992, August 6, 1992, September 29, 1992, November 24, 1992 and February 4, 1993) (unpublished orders).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions entitled *Jackie J. Kostelnik, et al. v. Showa Denko K.K., et al.*, D. Montana, C.A. No. 2:92-90, and *James G. Norris, et al. v. Showa Denko K.K., et al.*, D. New Mexico, C.A. No. 6:92-1385, be, and the same hereby are, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT - 1 1993

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 865*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Donna Honig, et al. v. Showa Denko K.K., et al.*, M.D. Florida, C.A. No. 6:93-372

## BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY,* AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by plaintiffs in the above-captioned action (*Honig*) to vacate the Panel's order conditionally transferring *Honig* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Matthew J. Perry, Jr. Four defendants in *Honig*, including Showa Denko K.K., Showa Denko America, Inc. and General Nutrition Corporation, oppose the motion to vacate in *Honig* and favor transfer of that action to the District of South Carolina.

On the basis of the papers filed,[1] the Panel finds that *Honig* involves common questions of fact with the actions in this litigation previously transferred to the District of South Carolina, and that transfer of *Honig* to the District of South Carolina for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of MDL-865 potential tag-along actions such as *Honig* continues to be appropriate for reasons expressed by the Panel in our previous rulings ordering transfer in this docket. *See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II)*, MDL-865 (J.P.M.L., December 7, 1990, April 4, 1991, June 6, 1991, October 4, 1991, November 27,

---

* Judge Grady recused himself and took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of *Honig* under 28 U.S.C. §1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

1991, February 7, 1992, August 6, 1992, September 29, 1992, November 24, 1992, February 4, 1993 and March 24, 1993) (unpublished orders).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Donna Honig, et al. v. Showa Denko K.K., et al.*, M.D. Florida, C.A. No. 6:93-372, be, and the same hereby is, transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Matthew J. Perry, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -2 93

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 865

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Bernadette O'Sullivan v. Goldline, Inc., et al.*, D. South Carolina, C.A. No.
7:91-234 (S.D. New York, C.A. No. 1:90-6470)
*Karen Eyges v. Showa Denko America, Inc., et al.*, D. South Carolina, C.A. No.
7:91-3084 (D. Massachusetts, C.A. No. 1:91-11320)

### BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR.,* WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY,* AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### ORDER DENYING REMAND

Presently before the Panel are two motions, pursuant to Rule 14, R.P.J.P.M.L., 147 F.R.D. 589, 597-99 (1993):  1) motion of plaintiff in the first above-captioned action (*O'Sullivan*) to vacate the Panel's order, entered on July 30, 1993, conditionally remanding *O'Sullivan* from the District of South Carolina to the Southern District of New York; and 2) motion of all parties in the second above-captioned action (*Eyges*) to vacate the Panel's order, entered on September 15, 1993, conditionally remanding *Eyges* from the District of South Carolina to the District of Massachusetts.  No response to either motion has been submitted.

On the basis of the papers filed,[1] we find that remand of *O'Sullivan* and *Eyges* to their respective transferor courts is not appropriate at the present time.  Although both *O'Sullivan* and *Eyges* were included with many other actions on suggestions of remand entered by the MDL-865 transferee judge, two factors have persuaded us to exclude these two actions from the comprehensive program of phased remands presently underway in this docket.  First, parties in

---

* Judge Grady recused himself and took no part in the decision of this matter.  Judge Merhige also took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of remand of these two actions under Section 1407 was submitted on the briefs.  Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

both actions represent that settlement is very likely in the near future.  Second, no party in either action favors remand.

IT IS THEREFORE ORDERED that the conditional remand orders filed in this docket on July 30, 1993 and September 15, 1993, as they relate, respectively, to the two above-captioned actions, be, and the same hereby are, VACATED.


FOR THE PANEL:


John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 27 1994

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 865

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Barbara Ann Beckett v. General Nutrition Corp., et al.*, D. South Carolina,
C.A. No. 7:91-2761 (S.D. New York, C.A. No. 1:91-4294)

## BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK,* ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT,* CLARENCE A. BRIMMER, JR., JOHN F. GRADY,* AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### ORDER DENYING REMAND

Presently before the Panel is a motion, pursuant to Rule 14, R.P.J.P.M.L., 147 F.R.D. 589, 597-99 (1993), by three defendants in the above-captioned action (*Beckett*) to vacate the Panel's order, entered on September 15, 1993, conditionally remanding *Beckett* from the District of South Carolina to the Southern District of New York. No party has responded to the motion to vacate.

On the basis of the papers filed,[1] we find that remand of *Beckett* to the Southern District of New York is not appropriate at the present time. Although *Beckett* was included with many other actions on a suggestion of remand entered by the MDL-865 transferee judge, two factors have persuaded us to exclude *Beckett* from the comprehensive program of phased remands presently underway in this docket. First, defendants opposing remand represent that plaintiff in *Beckett* has not yet answered defendants' interrogatories and therefore has not complied with one of the prerequisites for remand contained in the transferee judge's Pretrial Order No. 22. Second, no party in *Beckett* favors remand.

---

* Judge Grady recused himself and took no part in the decision of this matter. Judges Pollack and Enright also took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of remand of *Beckett* under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

IT IS THEREFORE ORDERED that the conditional remand order filed in this docket on September 15, 1993, as it relates to the action entitled *Barbara Ann Beckett v. General Nutrition Corp., et al.*, D. South Carolina, C.A. No. 7:91-2761 (S.D. New York, C.A. No. 1:91-4294), be, and the same hereby is, VACATED.

FOR THE PANEL:

John F. Nangle
Chairman



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 2 4 1994

PATRICIA D. HOWARD
CLERK OF THE PANEL

*DOCKET NO. 865*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SHOWA DENKO K.K. L-TRYPTOPHAN PRODUCTS LIABILITY LITIGATION (NO. II)

*Susie Marin, et al. v. Showa Denko America, et al.*, D. South Carolina,
C.A. No. 7:92-1791 (W.D. Texas, C.A. No. 1:92-184)

## BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY,* AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### ORDER DENYING REMAND

Presently before the Panel is a motion, pursuant to Rule 14, R.P.J.P.M.L., 147 F.R.D. 589, 597-99 (1993), by plaintiffs in the above-captioned action (*Marin*) to vacate the Panel's order, entered on February 28, 1994, conditionally remanding *Marin* from the District of South Carolina to the Western District of Texas. No party has responded to the motion to vacate.

On the basis of the papers filed,[1] we find that remand of *Marin* to the Western District of Texas is not appropriate at the present time. Although *Marin* was included with many other actions on a suggestion of remand entered by the MDL-865 transferee judge, two factors have persuaded us to exclude *Marin* from the comprehensive program of phased remands presently underway in this docket. First, plaintiffs represent that all parties in *Marin* have reached an agreement in principle to settle the action and are in the process of preparing final settlement documentation to submit to the transferee judge for approval. Second, no party in *Marin* favors remand.

IT IS THEREFORE ORDERED that the conditional remand order filed in this docket on February 28, 1994, as it relates to the action entitled *Susie Marin, et al. v. Showa Denko*

---

* Judge Grady recused himself and took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of remand of *Marin* under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

*America, et al.*, D. South Carolina, C.A. No. 7:92-1791 (W.D. Texas, C.A. No. 1:92-184), be, and the same hereby is, VACATED.

FOR THE PANEL:

John F. Nangle
Chairman